UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDY BERNAL, et al.,

    Plaintiffs,

    v.

ALEX JOHNSON, et al.,

    Defendants.

No. 13 C 6726
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiffs Judy Bernal, Yvonn Bernal, Carolina Gutierrez, and Karen Gutierrez ("Plaintiffs") filed a second amended complaint against Defendant Correctional Officer Alex Johnson # 2751 ("Defendant") alleging excessive force (Count I) in violation of 42 U.S.C. § 1983 and willful and wanton conduct (Count II) under Illinois state law. Defendant moved to dismiss Count II of Plaintiff's second amended complaint. Plaintiff subsequently removed its Count II claim for willful and wanton conduct and moved to amend its complaint to state a claim under Count II for battery under state law. Defendant now moves to dismiss Count II of Plaintiffs' third-amended complaint alleging battery pursuant to the Illinois Lawsuit Immunity Act. For the following reasons, Defendant's motion is granted.

This incident arises from Plaintiffs' visitation of Samuel Quezada at Stateville Correctional Center in September 2012. For purposes of this motion to dismiss, the court accepts all of Plaintiffs' allegations as true. Plaintiffs alleged that they were not uncooperative, non-compliant with the rules of the institution, or a threat to persons on the premises. At the time and place of the incident in question, Defendant Correctional Officer Alex Johnson "deployed and sprayed pepper spray in close proximity to, and directly at the plaintiffs." Plaintiffs alleged that

1

the pepper spray irritated the eyes and skin of the various Plaintiffs. After the pepper spray was used, three other correctional officers came to the aid of Plaintiffs as a result of their contact with the pepper spray.

Defendant now challenges Plaintiffs' state law claim for battery on the grounds that Officer Johnson is immune from liability under the Illinois Lawsuit Immunity Act. Immunity exists precisely to protect state employees acting within the scope of his authority, including, for example, the Illinois assistant attorney generals who filed the motion to dismiss on the grounds of sovereign immunity for Officer Johnson. A state employee is entitled to sovereign immunity pursuant to the Illinois Lawsuit Immunity Act when "(1) there are no allegations that an employee or agent of the State acted beyond the scope of his authority; (2) the duty alleged to have been breached was not owed by the employee independently of his state employment; and (3) the complained-of actions involve matters ordinarily within that employee's normal and official functions." 745 ILCS 5/1 et seq.; *Ingram v. Illinois Dep't of Corr.*, No. CIV. 10-933-GPM, 2011 WL 1519623, at *3 (S.D. Ill. Apr. 20, 2011).

In this case, Plaintiffs have not alleged that Defendant's conduct went beyond his authority, that Defendant breached a duty that was owed by him independent of his state employment, or that he acted outside of his usual official work. *See Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240 (1990). To the contrary, the Illinois Administrative Code provides that a correctional officer has the authority to carry pepper spray inside a correctional facility, but only when they are on duty. 20 Ill. Admin. Code 501.60. The purpose of being able to carry pepper spray is to allow prison employees to deploy a means of (non-deadly) force to control events in the prison. 20 Ill. Admin. Code 501.60. Put in simple terms, the regulations in a prison permit corrections officers, and only such officers, to carry pepper spray.

The authority to carry the spray obviously includes the authority to use the spray, as carrying spray without authority to use it is a meaningless act. What Plaintiffs seek, however, is the power to sue a correctional officer for violating a non-existent common law duty to use the pepper spray in an "appropriate" and "not an inappropriate way." Such a power would render the right to carry the pepper spray in an odd way. If one does not carry to spray then the issue of "appropriate" use will not be controlled by common law because that judgment will never have to be made. If one does carry the spray then all incidents of its use will be subject to litigation and, for all practical purposes, the abandonment of state sovereignty.

The Illinois Administrative Code has specifically enabled correctional officers with the authority to carry pepper spray in prisons within a correctional institution (and no others), and Defendant was acting within the scope of his authority as a correctional officer when he carried and then used pepper spray (i.e. the alleged battery) against Plaintiffs. Therefore, Defendant is protected from having to defend himself for the state common law tort of battery under the doctrine of sovereign immunity.

For the foregoing reasons, Defendant's motion to dismiss Count II of Plaintiffs' third amended complaint is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 17, 2015